IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY RAY TURNER, #K0837                                            PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 3:05cv197WHB-AGN

DR. STEVEN HAYNE                                             DEFENDANT

MEMORANDUM OPINION

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Jimmy Ray Turner filed this complaint pursuant to 42 U.S.C. § 1983 against Dr. Steven Hayne, a coroner. Plaintiff is an inmate incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi. He is seeking monetary damages and injunctive relief.

According to the attached exhibits to the complaint, the plaintiff was found guilty in the Circuit Court of Smith County of the crime of depraved heart murder. The plaintiff argues when the defendant testified at his trial he committed perjury. As a result of the defendant allegedly committing perjury, the plaintiff was deprived of a fair trial which violated his constitutional rights.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

Initially, this court must decide whether the plaintiff should pursue his claim as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id., (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). Therefore, to the extent the plaintiff may be requesting release from custody, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is the appropriate legal vehicle to assert these claims.

To the extent the plaintiff is seeking monetary damages, the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his conviction for depraved heart murder.  Since this § 1983 action calls into question the validity of plaintiff's conviction and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff's complaint requesting monetary damages should be dismissed.

Even though the plaintiff's complaint and request for monetary damages are being dismissed for failing to meet the requirements set forth in Heck, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination."  Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  With that in mind, this court finds that even if the plaintiff successfully met the Heck requirements he would not be allowed to maintain this § 1983 complaint against defendant Hayne.  "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'"  Hulsey v. Owens, 63 F.3d 654, 356 (5th Cir. 1995) (quoting Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).

The plaintiff complains that the defendant gave perjured testimony as a witness during his trial.  A witness in state judicial proceedings enjoys absolute immunity. Briscoe v. LaHue, 460 U.S. 325 (1983); Young v. Biggers, 938 F.2d 565 (5th Cir. 1991).  Hence, even if defendant Hayne gave false testimony at the plaintiff's court hearings, he is absolutely immune from suit and liability under 42 U.S.C. § 1983.

Conclusion

As discussed above, even if the plaintiff were to meet the Heck conditions, he could not maintain this civil action pursuant to 42 U.S.C. § 1983 against defendant Hayne since he is absolutely immune.  Therefore, the instant civil action will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 1st day of July, 2005.

s/William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE